NO. 07-11-0120-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 14, 2011

_____

WILLIE WALTER GRANT,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A16973-0611; HONORABLE ROBERT W. KINKAID, JR., PRESIDING

_____

***Memorandum Opinion***

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Willie Walter Grant appeals his conviction for credit card abuse. His appointed counsel filed a motion to withdraw, together with an *Anders*[1] brief, wherein he certified that after diligently searching the record, he concluded that the appeal is without merit. Counsel has also attached a copy of a letter sent to appellant informing him of counsel's belief and of appellant's right to file his own brief or response *pro se.* By letter dated August 3, 2011, this court notified appellant of the same right and set September 2,

_____

[1]*Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2011, as the deadline to respond. To date, appellant has filed neither a response, brief, nor request for an extension of time.

In compliance with the principles of *Anders*, appellate counsel discussed three potential areas for appeal. They involved 1) the original plea of guilty, 2) the sufficiency of the evidence supporting the revocation of appellant's community supervision, and 3) the propriety of the trial court's, on its own motion, granting a new trial regarding appellant's plea of guilty and holding a new guilty plea hearing.[2] Counsel then explained why each argument lacked merit since appellant had plead guilty to the amended indictment, the subject of the new trial, and had plead true to the allegations found in the State's motion to revoke his community supervision.

We also conducted our own review of the record to assess the accuracy of counsel's conclusions and to uncover any error pursuant to *Stafford v. State,* 813 S.W.2d 503 (Tex. Crim. App. 1991). That review failed to reveal any reversible error.

Accordingly, the motion to withdraw is granted, and the judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.

---

[2]Apparently, the trial court held a hearing wherein appellant pled guilty to the charge as alleged in the indictment on March 23, 2007, and entered a judgment on the same day. At the March 23rd hearing, the State advised and defense counsel agreed to an amendment to the indictment which the trial court granted. Later, on March 28, 2007, the trial court granted a new trial and signed an order granting the amendment of the indictment so that the indictment correctly stated the charged offense and so that the stipulation of evidence signed by appellant supported the indictment. Furthermore, the trial court orally pronounced appellant's sentence on the 28th. However, we note that the judgment signed on March 28th, the day of the new trial, incorrectly reflected that appellant was sentenced on March 23, 2007, which was the date of the earlier hearing. This is of import because appellant's probation was extended for another three years and the order extending the probation was signed on March 26, 2010, which would have been past the original three-year probated sentence if the March 23rd date was the correct date to be used in calculating the date appellant's probation terminated.